DAVID A. HUBBERT
Acting Assistant Attorney General

MICHAEL R. PAHL
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-5863
Fax:         (202) 514-6700
E-mail:     michael.r.pahl@usdoj.gov

*Attorneys for United States of America*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>ROBERT P. HESS,<br><br>Respondent. | Case No.<br><br>**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** |

The United States of America, through undersigned counsel, petitions the Court for an order enforcing an Internal Revenue Service (IRS) summons served on respondent, Robert P. Hess under 26 U.S.C. § 7602.

In support of this petition, the United States alleges as follows:

1. This is a proceeding brought under Sections 7402(b) and 7604(a) of the Internal Revenue Code (Title 26, United States Code) for judicial enforcement of an IRS summons described below.

2. The Court has jurisdiction over this proceeding under Sections 7402(b) and

1

7604(a) of the Internal Revenue Code and 28 U.S.C. §§ 1340 and 1345.  Venue properly lies within this district.

3. This proceeding is appropriate for assignment to the Central Division since Hess resides in Riverside County.

4. The IRS is conducting an investigation of the liability of Robert P. Hess under the following statutes, in connection with a deferred private annuity transaction that he organized, arranged, advised upon, and/or sold:

    a. 26 U.S.C. § 6694 (understatement of taxpayer's liability by tax return preparer;

    b. 26 U.S.C. § 6695 (other assessable penalties with respect to the preparation of tax returns for other persons;

    c. 26 U.S.C. § 6700 (promoting abusive tax shelters);

    d. 26 U.S.C. § 6701 (penalties for aiding and abetting understatement of tax liability);

    e. 26 U.S.C. § 6707 (failure to furnish information regarding reportable transactions);  and

    f. 26 U.S.C. § 6708 (failure to maintain lists of advisees with respect to reportable transactions).

Declaration of Roma Parker (Parker Decl.) ¶ 4. A penalty may be assessed for each separate tax return, or transaction, or for separate activities, related to each entity or arrangement involved. *See, e.g.*, 26 U.S.C. § 6700(a)(2) ("activities described in

paragraph (1)(A) with respect to each entity or arrangement shall be treated as a separate activity").

5. Roma Parker is Revenue Agent of the Internal Revenue Service ("IRS" and "Service"), with a post of duty in San Diego, California, assigned to the aforementioned Hess examination. Revenue Agent Parker is authorized to issue administrative summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 25-1. Parker Decl. ¶¶ 1-3.

6. Based on the investigation to date, the IRS understands that the deferred private annuity transaction involves intra-family transfers where Generation 1 purportedly "sells" assets via a promissory note to Generation 2 in exchange for a deferred private annuity. While this deferred private annuity specifies on its face that Generation 2 will repay Generation 1 annually for life, the IRS is investigating, among other things, whether the transaction creates real or illusory debt. Among the outstanding questions are whether (1) these transactions are arms-length, including whether Generation 2 provides consideration for Generation 1's assets or in reality there will never be real payment to Generation 1; and (2) whether Generation 1's estate tax, as well as gift tax, liability may lawfully be extinguished or drastically reduced through the transaction. Parker Decl. ¶ 5.

7. In furtherance of the examination and in accordance with 26 U.S.C. § 7602, on August 23, 2019, Revenue Agent Parker issued an IRS summons directing Hess to appear on October 3, 2019 and to produce for examination books, records, papers, and

other data as described in the summons. Parker Decl. ¶ 6.

8. On August 23, 2019, in accordance with 26 U.S.C. § 7603, Revenue Agent Parker served an attested duplicate original copy of the IRS summons described in the immediately preceding paragraph on Hess by handing him a duplicate original copy of the summons. Parker Decl. ¶ 7.

9. Hess received an extension to respond, appeared on October 29, 2019, and produced some—but not all—of the documents, records, and other information described in the summons. Hess's failure to fully comply with the summons continues to this date. Parker Decl. ¶ 14.

10. Hess produced the following documents in response to the summons:

    a. Documents explaining the deferred private annuity transaction that the summoned party organized, arranged, sold, or advised upon;

    b. Documents identifying the legal authority, laws, rulings, regulations, judicial decisions, and other authoritative sources the summoned party relied upon in creating, organizing, arranging, advising upon, and/or selling the deferred private annuity transaction; and

    c. Documents identifying some clients that utilized the deferred private annuity transaction.

Parker Decl. § 15.

11. Hess failed to produce the following:

a. A client list and / or documents identifying *all* clients that used the summoned party's deferred private annuity transaction;

b. Documents identifying all tax return preparers and / or attorneys that marketed, promoted, sold, advised, or informed of the summoned party's deferred private annuity transaction;

c. Documents identifying all estate and gift tax returns the summoned party prepared, prepared a portion of, or assisted in or were involved in the preparation of;

d. All promotional materials used to describe, create, promote, and/or sell the summoned party's deferred private annuity transaction;

e. Opinion letters the summoned party relied on in creating, advising, and / or selling the deferred private annuity transaction;

f. Opinion letters issued by the summoned party, his law firm, and / or any entity for which the summoned party has an ownership interest in for all individuals and / or entities that entered into the deferred private annuity transaction;

g. All documents identifying entities the summoned party has a direct or indirect ownership interest in that relates to the deferred private annuity transaction for the period January 1, 1998, through December 31, 2018;

h. Organizational documents for each business entity the summoned party has a direct or indirect ownership interest in that relates to the deferred private annuity transaction for the period January 1, 1998, through December 31, 2018;

i. Meeting minutes for all entities the summoned party has a direct or indirect ownership interest in that relates to the annuity transaction for the period January 1, 1998, through December 31, 2018;

j. All documents identifying all the deferred private annuity transactions the summoned party wrote, helped write, advised, or consulted on, or used for the period January 1, 1998, through December 31, 2018;

k. All documents identifying all trusts for which the summoned party was a beneficiary, trustee, or executor related to the deferred private annuity transaction for the period January 1, 1998, through the summons compliance date;

l. Annuity agreements, promissory notes, and any other documents related to the deferred private annuity transaction that the summoned party created for all clients that entered into the transaction;

m. All documentation showing the amount the summoned party received as payment for any work he performed related to the promotion, marketing, sale, creation, structuring, formation, implementation, legal services, and tax preparation of the deferred private annuity

        transaction for the period from January 1, 1998 through the summons compliance date; and

    n.    All contracts, agreements, representations letters, engagement letters, and fee arrangements with all clients related to the deferred private annuity transaction.

Parker Decl. ¶ 16.

12.    The IRS needs to review these documents as they may shed light on:

    a.    Whether Hess is liable for preparer and promoter penalties under the Internal Revenue Code;

    b.    Hess's activities in organizing, arranging, selling, or advising upon the deferred private annuity transaction, including whether he made false statements about tax benefits to clients;

    c.    The breadth of Hess's activities related to the deferred annuity transaction, including the number of customers involved and the amount of estate tax returns he prepared, assisted in preparing, or was involved with;

    d.    Any potential harm to the United States from the deferred private annuity transaction, and the amount of income Hess derived from the deferred private annuity transaction;

   e. The identity of other individuals or entities that may be involved with Hess in organizing, arranging, marketing, or selling the deferred private annuity transaction; and

   f. Whether Hess conducted due diligence and sought the opinion of competent advisors; Parker Decl. ¶ 17.

13. The books, records, papers, and other data demanded in the summons are not already in the possession of the IRS.  Parker Decl. ¶ 22-23.

14. All administrative steps as required by the Internal Revenue Code for issuance and service of the summons have been followed.  Parker Decl. ¶ 24.

15. There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to Hess.  Parker Decl. ¶ 26.

16. In order to obtain enforcement of a summons, the petitioner must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code.  *United States v. Powell*, 379 U.S. 48, 57-58, (1964).

17. In further support of this Petition and incorporated herein by reference, the United States submits a Memorandum of Points and Authorities and the Declaration of Roma Parker.  The United States has met the *Powell* factors through these documents.

WHEREFORE, petitioner, the United States of America, seeks the following relief:

A. That this Court enter an order directing Hess to show cause in writing why he should not fully comply with and obey the aforementioned IRS summons and every requirement thereof as enumerated in the Declaration of Roma Parker;

B. That this Court enter an order directing Hess to fully obey the subject summons and each requirement thereof, by ordering him to appear before Revenue Agent Parker, or any other proper officer or employee of the Internal Revenue Service, and produce for examination books, records, papers and other data as required by the summons;

C. That the United States of America recover its costs in this action; and

D. That the Court grant such other further relief as it deems just and proper.

Dated: June 29, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ Michael R. Pahl
MICHAEL R. PAHL
Trial Attorney, Tax Division